THIS ORDER IS APPROVED.

Dated: October 18, 2010



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

**TIFFANY & BOSCO**
P.A.
2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192
Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-19098

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Michael Simon Sandberg and Harriet Frances Sandberg<br>Debtors.<br>_____<br>Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2006-1 by its Attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc.<br><br>Movant,<br>vs.<br><br>Michael Simon Sandberg and Harriet Frances Sandberg, Debtors; Russell A. Brown, Trustee.<br><br>Respondents. | No. 2:10-bk-21458-JMM<br><br>Chapter 13<br><br><br>**ORDER REGARDING MOTION FOR RELIEF** |

IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust

1

recorded in the records of the County, Arizona Recorder's Office, wherein Michael Simon Sandberg and Harriet Frances Sandberg, are designated as trustors and Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2006-1 by its Attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc. is the current beneficiary, which Deed of Trust encumbers the following described real property:

> LOT NINETEEN (19), TOUCHSTONE TWO, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 509 OF MAPS, PAGE 9 AND THEREAFTER CERTIFICATE OF CORRECTION RECORDED AUGUST 11, 1999 AT RECORDERS NO. 99-0761506.
>
> EXCEPT ALL OIL, GAS, OTHER HYDROCARBON SUBSTANCES, HELIUM OR OTHER SUBSTANCES OF A GASEOUS NATURE, COAL, METALS, MINERALS, FOSSILS, FERTILIZER OF EVERY NAME AND DESCRIPTION;
>
> TOGETHER WITH ALL URANIUM, THORIUM OR ANY OTHER MATERIAL WHICH IS OR MAY BE DETERMINED BY THE LAWS OF THE UNITED STATES OR OF THIS STATE, OR DECISIONS OF COURTS TO BE PECULIARLY ESSENTIAL TO THE PRODUCTION OF FISSIONABLE MATERIALS, AS RESERVED IN THE PATENT.

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently due as follows:

| | |
|---|---:|
| 3 Monthly Payments(s) at $2,422.53 | $7,267.59 |
| (August 1, 2010 - October 1, 2010) | |
| 3 Late Charge(s) at $112.30 | $336.90 |
| (August 1, 2010 - October 1, 2010) | |
| Property Inspections | $15.00 |
| Demand Fee | $400.00 |
| Suspense Amount | ($825.00) |
| Total | $7,194.49 |

1. The total arrearage shall be paid in six monthly installments. Payments one through five (1-5) in the amount of $1,199.09 shall be in addition to the regular monthly payment and shall be due on or before the 15th day of the month commencing with the November 15, 2010 payment and

continuing throughout and concluding on or before March 15, 2011. The sixth final payment in the amount of $1,199.04 shall be paid on or before April 15, 2011.

2. In addition to the payment listed in Paragraph 1, the Debtors, will make the regular post-petition payment due for November 1, 2010, which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER ORDERED that Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2006-1 by its Attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc. as the current beneficiary under the above described Deed of Trust agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this ORDER are complied with. In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to debtors, Debtors' Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order</u>, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the

3

default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 2:10-bk-21458-JMM is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2006-1 by its Attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc., and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.